Per Curiam.

There was no meeting of the minds between the parties as to what was to be sold. In its circular offer defendant set forth that it had for sale “Haval Brass Rod.” Plaintiffs’ order was for a quality known as “free cutting brass rod ”, a type of brass which was not included in defendant’s offer of sale. Moreover, plaintiffs wanted immediate delivery whereas defendant only agreed to deliver when and if it received the merchandise from the War Assets Administration. All the correspondence in the case shows that the parties were not negotiating for the same thing or upon the same terms.
When defendant received plaintiffs’ order to buy he wrote a letter setting forth that its offer to deliver was conditioned upon receipt of the materials from the War Assets Administration. Plaintiffs knew that the material ordered was coming from the War Assets Administration; that often the latter did not ship materials supposedly sold to a bidder; and that the merchandise here could not be delivered to them unless and until defendant received it. Concededly, the brass rod was never received by defendant from the War Assets Administration. Accordingly, defendant was under no obligation to deliver any of the material ordered. (Shields v. Pettie, 4 N. Y. 122; Kirsch & Co. v. Benyunes, 105 Misc. 648, opinion by Lehman, J., affd. 191 App. Div. 904.)
The judgment should be reversed, with costs to the appellant, and the complaint dismissed.
Dore, J. P., Cohn, Van Voorhis and Shientag, JJ., concur; Callahan, J., concurs on the ground that there was no meeting of the minds as to delivery.
Judgment reversed, with costs to the appellant, and the complaint dismissed. Settle order on notice.